UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:15CV00566 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mary Taylor's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. Petitioner pled guilty to one count of preparing a false income tax return in violation of 18 U.S.C. § 7206(1) and was sentenced to six months' imprisonment and one year of supervised release. She claims that her counsel was ineffective in not objecting to the inclusion in the Presentence Investigation Report ("PSI") of criminal conduct that was the basis of charges the government dismissed in return for her guilty plea, and in not discussing with Petitioner the waiver of her right to appeal; that the prosecutor knowingly "committed errors" in the PSI and did not "disclose all discovery"; and that Petitioner was improperly sentenced based on the above-noted conduct in the PSI. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Petitioner was charged on May 8, 2013, by superseding indictment with one count

of conspiracy to prepare false income tax returns, and four counts of aiding and abetting the preparation of a false income tax return, all in violation of 26 U.S.C. § 7206(2). *United States v. Taylor*, No. 4:12CR00373 AGF, ECF No. 200. The charges arose out of the activities of Petitioner, who was a tax preparer at a Mo' Money Taxes franchise, and two other employees of the franchise, in the preparation of federal tax returns for 47 individuals that falsely claimed educational tax credits, resulting in the loss to the government of approximately $352,000.

On August 23, 2013, the day trial was to begin, Petitioner entered into a Plea Agreement pursuant to which she agreed to plead guilty to a one-count second superseding information charging her with making and subscribing one false federal income tax return for which she was the taxpayer, resulting in the loss to the government of $9,000, and the government agreed to dismiss all charges against her in the superseding indictment. The written Plea Agreement, which Petitioner signed, stated that she understood that she faced a penalty of three years' imprisonment and a one year of supervised release on the charge to which she was pleading guilty. *Id*. ECF No. 308.

The Plea Agreement also stated that Petitioner understood that the United States Sentencing Guidelines would be used to determine, for sentencing purposes, the Total Offense Level and the Criminal History Category applicable in her case. The Plea Agreement stated that the government believed that the conduct alleged in the superseding indictment was "relevant conduct" for purposes of the base offense level under the Guidelines, and based on that conduct, the government recommended a base offense level of 18 because the tax loss to the government exceeded $200,000 but was

less than $400,000. The government recommended that two levels should be added because Petitioner was in the business of preparing tax returns, and three levels should be deducted for Petitioner's acceptance of responsibility. This resulted in a recommendation by the government of a total offense level of 17. The Plea Agreement stated that Petitioner did not agree with this recommendation and reserved her right to contest whether she was culpable with respect to the charges that were dismissed. Petitioner agreed that her total offense level would be no higher than 17. The Plea Agreement stated that the Court was not bound by the government's Guidelines analysis. *Id*.

The Plea Agreement also included the following provision:

> **7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:
>
> **a. Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.
>
> \* \* \*
>
> **(2) Sentencing Issues**: In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.
>
> **b. Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

*Id*. ECF No. 308 at 5-6.

At the plea hearing, on July 24, 2013, Petitioner was 49 years old. She had a college degree, and prior employment in accounting, business, information technology, the tax industry, and trucking. *Id*. ECF No. 386 at 2-2. Petitioner testified that she had the opportunity to discuss the Plea Agreement with her attorney, that she had reviewed it and discussed it with her attorney before signing it, and that she understood its terms. Petitioner acknowledged her understanding that her sentence would be impacted, to some degree, by the Sentencing Guideline. The Court explained that a PSI would be prepared by the Probation Office that would include a recommended Guidelines calculation. The Court told Petitioner she would get a copy of the PSI and have an opportunity to file objections, as long as they were not inconsistent to what she agreed to in the Plea Agreement. Petitioner expressly represented that she was not promised any particular sentence. The Court reviewed the government's Guideline calculations contained in the Plea Agreement, which included relevant conduct that was the basis of the dismissed charges, and Petitioner acknowledged that she understood. *Id*. ECF No. 386 at 23-27. The Court noted that the Plea Agreement did not include an agreed-upon sentencing range. Petitioner acknowledged that she understood that she could be sentenced to three years' imprisonment, and that if she were sentenced to prison, she would not be released on parole. The Court accepted Petitioner's guilty plea as knowing, intelligent, and voluntary. *Id*. at 36.

The disclosure copy of the PSI stated that losses to the government associated with the conduct underlying the dismissed charges was relevant

conduct in establishing the government's recommended base offense level of 18. The PSI did not recommend adding two levels because Petitioner was in the business of preparing taxes, but subtracted three levels for Petitioner's acceptance of responsibility and timely notifying the government of her intent to enter a guilty plea, for a total offense level of 15. The PSI set forth in some detail the conduct of Petitioner and her two co-workers at Mo' Money Taxes. Petitioner's criminal history category was zero, resulting in an advisory Guidelines range of 18 to 24 months' imprisonment. The PSI noted that had Petitioner been convicted of the charges in the superseding indictment, she would have been subject to five years' imprisonment on the conspiracy charge, and three years' imprisonment on each of the other four counts. *Id*. ECF No. 339.

Petitioner, through counsel, filed an "acceptance" of the PSI.[1] Thereafter, Petitioner's counsel filed a sentencing memorandum requesting a sentence of probation. *Id*. ECF. No. 364. The government filed a motion for a downward departure, based on Petitioner's plea and willingness to testify against co-defendant Jimi Clark. *Id*. ECF No. 366. The final PSI recommended the same Guidelines total offense level of 15. *Id*. ECF No. 361.

At the sentencing hearing on November 19, 2013, Petitioner's counsel stated that she reviewed the PSI with Petitioner. Petitioner's counsel asked the Court for a sentence of probation and Petitioner made a statement on her own behalf, explaining that she did not realize "what was going on" at the Mo' Money

---

[1] The PSI was amended before sentencing in a minor way not relevant here.

Taxes office. The Court stated that it considered Petitioner's role in the preparation of the false tax reports for the Mo' Money Tax customers to be significant, and sentenced Petitioner to a term of imprisonment of six months followed by supervised release for one year. *Id*. ECF. No. 388.

On July 18, 2014, the Eighth Circuit summarily granted the government's motion to dismiss Petitioner's direct appeal in light of the waiver of the right to appeal in the Plea Agreement. Petitioner filed the present motion on March 31, 2015. Petitioner raises the claims noted above, elaborating in her traverse that she thought she would receive a sentence of six months' probation, and that the prosecutor and her own counsel, without Petitioner's knowledge, fraudulently presented to the Court, by means of the PSI, the conduct underlying the charges the government agreed to dismiss, resulting in a sentence of imprisonment. Petitioner does not challenge the accuracy of the conduct described in the PSI, but rather argues that a loss to the government of $9,000 and not of $352,000 should have been considered in arriving at her sentence.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel,

*Strickland v. Washington*, 466 U.S. 668, 686 (1984), and this right extends to the plea-bargaining process, *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). In a guilty plea context, a petitioner must also establish a reasonable probability that she would not have pled guilty and would have exercised her right to a trial but for counsel's ineffectiveness. *Hill v. Lockart*, 474 U.S. 52, 59 (1985); *Wunderli v. United States*, No. 4:14CV01765 JAR, 2018 WL 1508907, at *5 (E.D. Mo. Mar. 27, 2018).

Here, Petitioner's testimony at the plea hearing defeats her claim that her counsel was ineffective in not discussing with Petitioner the waiver of her right to appeal. In the Eighth Circuit, such waivers are enforceable as long as they are knowing and voluntary. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). As noted above, Petitioner expressly acknowledged that her attorney reviewed the Plea Agreement with her and that she understood the terms of the agreement, including the waiver of her appeal rights.[2] "[A] defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017). Here, Petitioner presents

---

[2] The existence and impact of the appeal waiver was also discussed with Petitioner at her sentencing hearing.

no reason to question the verity of her representations at the plea hearing on this matter.

Petitioner's claim that counsel was ineffective in failing to object to the PSI is also without merit. The conduct underlying the charges in the superseding indictment was properly considered as relevant conduct in the base offense level determination. *See* Guidelines § 1B1.3(a)(1)(A); *United States v. James*, No. 15CR00255 (SRN), 2017 WL 3267704, at *3 (D. Minn. July 31, 2017) ("The fact that charges were dropped . . . does [not] preclude the sentencing court from considering the conduct."). As stated above, Petitioner does not materially challenge the accuracy of the description in the PSI of the conduct at issue or of Petitioner's role therein. Thus, any objection on the ground that the loss to the government from the dismissed conduct was not relevant would have failed, and Petitioner's counsel was not ineffective for not raising such an objection. *See Seratt v. United States*, No. 1:17CV00124 SNLJ, 2018 WL 1638387, at *7 (E.D. Mo. Apr. 5, 2018). Nor can the Court accept Petitioner's argument that the relevant conduct was fr5audulently included in the PSI without her knowledge, in light of the discussions at the plea and sentencing.

Petitioner's further argument that she believed she would receive a sentence of six months' probation also fails. As noted above, the Plea Agreement explained that the Court could impose a sentence of up to three years' imprisonment. She expressly acknowledged at her plea that no promise of any sentence was being made. If Petitioner had been advised – or understood – that she would receive probation, she had the opportunity to say so at the plea hearing. *See Leech v. United States*, No. 1:17CV00158 SNLJ, 2018 WL 1586464, at *7 (E.D. Mo. Apr. 2, 2018). Petitioner has not shown that

but for counsel's alleged unprofessional errors, she would have received a lower sentence. *See id*. Moreover, Petitioner does not suggest that but for her attorney's alleged ineffective assistance, she would not have pleaded guilty and would have gone to trial on the charges in the superseding indictment. Indeed, the record suggests that Petitioner's attorney negotiated a very favorable plea agreement for Petitioner who, before she pled guilty, faced a sentence of over 15 years' imprisonment on the charges then pending. Thus, Petitioner got substantial benefit from her plea, especially in light of the agreement by the government to apply a three-level reduction in the offense level for acceptance of responsibility, even though Petitioner did not agree to a plea until the date of trial.

Petitioner's claim of prosecutorial misconduct, including the prosecutor's alleged failure to "disclose all discovery," is too vague and devoid of any factual support to warrant habeas relief. *See, e.g., Seratt*, 2018 WL 1638387, at *8 (stating that a § 2255 petitioner "cannot prevail through the use of vague and conclusory allegations"). The Court discerns no prosecutorial misconduct in the underlying criminal case. Any claim other than ineffective assistance of counsel and prosecutorial misconduct with respect to Petitioner's sentence is precluded by the waiver in the Plea Agreement.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Mary Taylor's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence is **DENIED**. (ECF No. 1.)

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018